## GILMAN v. CURTIS.*

### February 28, 1884.

#### 3 Pac. 114.

**Life Insurance—Assignment—Suit for Reassignment.**—Where a plaintiff, while owner of a policy of life insurance, has assigned the the same to the defendant, to secure advances made such defendant, and afterward sues for a reassignment of the policy in order to collect it from the insurance company, the court should not adjudge the plaintiff the owner of the policy and entitled to receive the whole amount from the company, for the interest of the plaintiff is only what remains after the advances have been satisfied. The defendant has the legal title, and cannot be made to surrender it until his advances have been paid.

H. G. Siebert and G. F. Sharp for respondent.

ROSS, J.—To this suit Gilbert Curtis and the Ætna Life Insurance Company were originally made defendants. The controversy grows out of a policy of insurance issued by the company upon the life of one A. W. Tucker. The complaint charges that the policy was issued upon the life of Tucker and delivered to one Esther Cordelia Curtis, who, it is alleged, paid the premiums thereon. It is not alleged to whom the policy was made payable. There are, however, allegations and findings to the effect that Esther Cordelia Curtis assigned the policy to the plaintiff, who subsequently caused the same to be assigned to the defendant Gilbert Curtis as security for certain advances to be made by him for and on account of the said Esther Cordelia Curtis. The findings are that the advances so made, for the security of which Gilbert Curtis received the policy, amounted to $4,071.21. There is nothing in the case to show that the plaintiff became personally responsible for those advances. The prayer of the complaint is for a decree to the effect that the plaintiff is the owner of the policy, and entitled to collect and receive from the insurance company the money for which it was issued, the insured having deceased; that the interest of the defendant Gilbert Curtis therein be determined; that he be required to assign and deliver to the

---

*Reversed in bank. See 66 Cal. 116, 4 Pac. 1094.

plaintiff the policy, and, he failing to do so, that the clerk of the court execute such assignment, and that both defendants be restrained from disposing of the policy or the moneys mentioned therein to others than the plaintiff. There was also a prayer for general relief. The record discloses no service or process on or appearance by the Ætna Life Insurance Company, but the judgment entered in the cause recites that the action was ''dismissed as against the Ætna Life Insurance Company and the intervener herein.'' The sole parties to the suit are, therefore, the plaintiff and the defendant Gilbert Curtis.

The following is the decree entered in the court below:

''Now, therefore, by reason of said verdict and finding, it is ordered that judgment be entered herein in favor of the plaintiff, and against the said Gilbert Curtis, as of the date of said verdict, to wit, on the ninth day of May, 1881.

''It is therefore ordered, adjudged and decreed that the plaintiff is the owner of the policy of insurance, No. 81,308, issued by the Ætna Life Insurance Company upon the life of A. W. Tucker, deceased, which said policy of insurance was issued upon the life of said A. W. Tucker for the sum of $10,000, and which was duly assigned, transferred and set over to the plaintiff, as alleged in plaintiff's complaint.

''That while the plaintiff was the owner of said policy of insurance she assigned and caused the same to be transferred to the defendant Gilbert L. Curtis, in trust, to secure future advances to be made by the defendant Gilbert L. Curtis to pay Judge Swift and the Sacramento Bank certain liens and claims that they had, or claimed to have, upon said policy of insurance.

''And the jury having found, by their verdict, that the defendant Gilbert L. Curtis had, at the date of their said verdict, advanced the sum of $4,071.21, which amount they found to be due him for money so advanced as aforesaid, the said defendant Gilbert L. Curtis is therefore entitled to receive said amount so found to be due, less the cost of suit; and that the said policy of insurance is subject to said trust and payment of said sum of $4,071.21, which amount is to be paid to the defendant Gilbert L. Curtis when said policy shall be paid by the Ætna Life Insurance Company.

"And the plaintiff, upon the payment of the said sum, is entitled to have and receive from the said Gilbert L. Curtis a surrender and reconveyance of said policy, and that the said plaintiff is entitled to receive from the Ætna Life Insurance Company the whole amount due upon said policy. And the plaintiff is entitled to have and recover from the said Gilbert L. Curtis her costs in this action, levied at the sum of $519.32."

The decree as entered is, we think, obnoxious to some of the objections urged by counsel for appellant. As the jury found—and the court approved and adopted the finding—that the plaintiff assigned the policy to defendant to be held by him as collateral security for certain advances to be, and which were, made by him, the legal title to the policy passed by the assignment to the defendant. The court should not, therefore, have adjudged the plaintiff the owner of the policy, and entitled to receive from the insurance company the whole amount due upon it. The interest of the plaintiff in the policy is in what remains of it after the advances, for the security of which it was assigned, have been satisfied. To that excess plaintiff is equitably entitled. But since the defendant was, by the assignment, invested, not only with a lien upon the policy, but with the legal title thereto, as security for his advances, it is clear that he cannot be made to surrender it to the plaintiff until the advances made by him are repaid; and since there is no personal obligation on the plaintiff to repay the advances, and the policy does not appear to have been paid, we do not see what other decree can properly be entered on the findings than one declaring the interests of the respective parties in and to the policy and moneys growing out of it, and directing the defendant to seek the enforcement of its payment, and, in the event of its payment, that the defendant, after deducting the amount of the advances for the security of which the policy was assigned, pay the remainder to the plaintiff. The plaintiff is also entitled to costs of this suit.

Cause remanded, with directions to the court below to modify the judgment so as to accord with the views above expressed.

We concur: McKinstry, J.; McKee, J.